202128

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID R. COLLADO | : |
| Plaintiff(s), | : |
| v. | : |
| | : DOCKET NO. |
| GURJIT S. DHILLON, NB TRANS INC., | : |
| SANDEEP KAUR DHILLON, | : |
| BEAZLEY GROUP | : |
| JOHN DOE 1-10 (fictitiously named), | : |
| And ABC Co. 1-10 (fictitiously named | : |
| | : |
| Defendants | : |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

Defendant, Sandeep Kaur Dhillon, by and through her attorneys, Salmon Ricchezza Singer & Turchi, LLP, respectfully avers as follows:

1. Plaintiff David R. Collado commenced a civil action against defendants Gurjit S. Dhillon, NB Trans Inc., Sandeep Kaur Dhillon, and Beazley Group in the Superior Court of New Jersey, Bergen County Law Division on or about December 19, 2018. (See Plaintiff's Complaint, attached as Exhibit "A.")

2. The Complaint was served on Gurjit S. Dhillon in Edmond, Oklahoma on or about February 12, 2019. (See Affidavit of Service of Gurjit S. Dhillon, attached as Exhibit "B.")

{J0481634.DOCX}

3. The Complaint was served on Sandeep Kaur Dhillon in Stockton, California on or about April 8, 2019. (See Affidavit of Service of Sandeep Kaur Dhillon, attached as Exhibit "C.")

4. Upon information and belief, defendants NB Trans Inc. and Beazley Group have not been served with the Complaint.

5. The Complaint alleges that on or about April 19, 2017, Plaintiff sustained personal injuries as the result of an accident with a motor vehicle operated by Gurjit S. Dhillon in the course of his employment with Sandeep Kaur Dhillon, NB Trans Inc., and/or Beazley Group.

6. At all material times, Plaintiff, David R. Collado, was and is a citizen of the State of New Jersey, residing at 45 Avenue E, Lodi, New Jersey. (See Exhibit "A.")

7. At the time of the accident alleged in Plaintiff's Complaint, defendant Gurjit S. Dhillon was a citizen of the State of New York, residing at 2456 Baseline Road 4, Grand Island, New York.

8. As of the filing of Plaintiff's Complaint, defendant Gurjit S. Dhillon is a citizen of the State of Oklahoma, residing at 2224 Hidden Prairie Way, Edmond, Oklahoma.

9. At no time material hereto was defendant Gurjit S. Dhillon a citizen of the State of New Jersey.

10. At all times material hereto, defendant Sandeep Kaur Dhillon was and is a citizen of the State of California, residing at 10789 Winward Avenue, Stockton, California.

11. Upon information and belief, defendant NB Trans Inc. was a corporation organized under the laws of the State of California, with its principal place of business at 10780 Pelican Avenue, Stockton, California from January 16, 2015 to January 12, 2016 and at 10789 Winward Avenue, Stockton, California from January 12, 2016 to March 22, 2018. The

corporation was dissolved on March 22, 2018. (See Articles of Incorporation, Statement of Information, and Certificate of Dissolution collectively attached as Exhibit "D.")

12.     Upon information and belief, at all times material hereto defendant Beazley plc i/p/a Beazley Group is a public company organized under the laws of the United Kingdom, with its principal place of business at 60 Plantation Place South, 60 Great Tower Street, London, England.

13.     Upon information and belief, Beazley plc is the parent of specialist insurance businesses, including a company that manages insurance syndicates of Certain Underwriters at Lloyds, London, the putative insurer of the vehicle operated by Gurjit S. Dhillon at the time and place of the accident alleged in Plaintiff's Complaint and as such there is no colorable claim against Beazley plc.

14.     It is well-established in New Jersey that "[g]enerally, plaintiffs in tort actions may not directly sue insurers." *Cruz-Mendez v. ISU/Insurance Services*, 156 N.J. 556, 567 (1997); *see also Tuckey v. Harleysville Ins. Co.*, 236 N.J. Super. 221, 226 (App. Div. 1989) (plaintiffs in personal injury action had no direct right of action against tortfeasor's insurer or its insurance agent); *Manukas v. American Insurance Co.*, 98 N.J. Super. 522, 525 (1968) (dismissing personal injury plaintiffs' direction action against insurer of alleged tortfeasor.)

15.     Beazley plc was fraudulently joined, as there is no possibility that Plaintiffs' direct negligence/respondeat superior claims against Beazley plc can succeed as a matter of law. *See Casias v. Wal-Mart Stores, Inc.* 659 F.3 428 (6th Cir. 2012) (plaintiff's claim against non-diverse store manager could divest the federal court of diversity jurisdiction because there was no indicia that the claim had merit), *accord Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224 (8th Cir. 2015) (affirming denial of remand when plaintiff joined non-diverse defendants without

a factual or legal basis to support her claims against them); *Coughlin v. Nationwide Mut. Ins. Co.*, 776 F. Supp. 626 (D. Mass. 1991) (denying motion for remand when no viable claim for relief was submitted against non-diverse defendant.)

16. If a case stated by the initial pleading is removeable, the defendant must file a removal petition within 30 days of its receipt through service or otherwise of said initial pleading. 28 U.S.C. § 1446(b)(1.) As removing defendant Sandeep Kaur Dhillon was served on or about April 8, 2019, this petition for removal is timely filed.

17. Gurjit S. Dhillon was served on February 21, 2019. Through counsel herein, he consents to removal pursuant to 28 U.S.C. § 1446(b)(2)(C.)

18. Upon information and belief, NB Trans Inc. has not been served with Plaintiff's Complaint and its consent to removal is not required pursuant to 28 U.S.C. § 1446(b)(2.)

19. Upon information and belief, Beazley plc i/p/a Beazley Group was not properly joined and is irrelevant for purposes of establishing diversity jurisdiction. 28 U.S.C. § 1441(b)(2.)

20. Although plaintiff's Complaint does not seek a specific amount of damages in its *ad damnum* clause, the Complaint alleges that Plaintiff sustained:

> [s]erious and permanent injuries, as more particularly defined and set forth in N.J.S.A. 39:6A-8(a) and has suffered great pain, shock and mental anguish and was, and still is, incapacitated and will be permanently disabled, and has in the past and will in the future be caused to expend substantial sums of money for medical treatment. (See Exhibit "A" at First Count, ¶ 5.)

21. The Complaint also contains a demand for interest, attorneys' fees and costs of suit. (See Exhibit "A" at *ad damnum* clause of Second Count.)

22. If a Complaint does not allege a specific amount of damages, it is removeable if the removal petition contains a plausible allegation that the amount in controversy exceeds the

{J0481634.DOCX}

jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014.)

23. In the absence of specific allegations of injury, categories of damages plausibly establish the amount in controversy. *See Raspa v. Home Depot*, 533 F. Supp. 2d 514, 521-522 (D.N.J. 2007) (plaintiff's unopposed motion for remand was denied when the plaintiff alleged unspecified personal injuries as the result of having been bitten by a raccoon on defendants' premises.)

24. Plaintiff in the instant action filed a Complaint alleging that he sustained serious and permanent injuries as defined in N.J.S.A. 39:6A-8(a), great pain, shock, mental anguish, past and current incapacity, and permanent disability, as well as past and future "substantial" medical treatment costs. New Jersey recognizes the injuries defined in N.J.S.A. 39:6A-8(a) as elements of damages sufficiently severe to overcome the limited tort threshold. They are narrowly defined as death, dismemberment, significant disfigurement or scarring, displaced fractures, loss of a fetus, or other permanent injury within a reasonable degree of medical probability. N.J.S.A. 39:6A-8(a).

25. Plaintiff's Complaint further asserts a demand for attorneys' fees which should be included in the amount-in-controversy calculus and which "alone can exceed six figures." *Raspa*, 533 F. Supp. 2d at 522.

26. Accordingly, Plaintiff's Complaint alleges damages that establish by a preponderance of competent, admissible evidence an amount in controversy exceeding the federal jurisdictional threshold of $75,000.

27. Diversity of citizenship within the meaning of 28 U.S.C. § 1332 exists between the Plaintiff and Defendants because:

{J0481634.DOCX}

    a. Plaintiff was and is a citizen of the State of New Jersey;

    b. Defendant, Gurjit S. Dhillon was a citizen of the State of New York and is a citizen of the State of Oklahoma; and has never been a citizen of the State of New Jersey at any time material hereto;

    c. Defendant Sandeep Kaur Dhillon was and is a citizen of the State of California;

    d. Defendant NB Trans Inc. was a corporation organized under the laws of the State of California with its principal place of business in California from its formation through its dissolution; and

    e. Defendant Beazley plc i/p/a Beazley Group is not a proper party to this action.

28. Diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing this notice, such that defendant is entitled to removal pursuant to 28 U.S.C. § 1441, as amended, and 28 U.S.C. § 1446.

WHEREFORE, defendant, Sandeep Kaur Dhillon, herein pray that the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Bergen County, be removed therefrom to this Honorable Court.

                        **SALMON RICCHEZZA SINGER & TURCHI, LLP**

By: _____
Jeffrey A. Segal, Esquire
123 Egg Harbor Road, Suite 406
Sewell, NJ 08080
(856) 842-0762
jsegal@srstlaw.com
Attorneys for Defendants,
Gurjit S. Dhillon and Sandeep Kaur Dhillon

Dated: 4-30-19

{J0481634.DOCX}